# EXHIBIT 1

**Person Filing:** Michael C. McKay, Esq.
**Address (if not protected):** 7702 East Doubletree Ranch Road, Suite 300
**City, State, Zip Code:** Scottsdale, Arizona 85258
**Telephone:** 480-681-7000
**Email Address:** mmckay@mckaylaw.us
**Lawyer's Bar Number:** 023354

Representing ☐ Self, without a Lawyer  or  ☑ Attorney for  ☑ Plaintiff  OR ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

ORIGINAL

Christopher Megles

**Name of Plaintiff**                                    **Case No.:** CV2018-011817

And                                                **SUMMONS** legal advice from a lawyer,
                                                   contact the Lawyer Referral Service at
                                                   602-257-4434
Helton Excavating Incorporated; et al.                        or
**Name of Defendant**                                  www.maricopalawyers.org
                                                   Sponsored by the
                                                   Maricopa County Bar Association

**WARNING: This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** Jason Helton

**Name of Defendant**

1.  **A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.**

2.  **If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file  your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:**

    *   **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR***

    *   **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***

    *   **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona  85210-6201 *OR***

    *   **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

    **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

Case Number: _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    - 601 West Jackson, Phoenix, Arizona 85003
    - 18380 North 40th Street, Phoenix, Arizona 85032
    - 222 East Javelina Avenue, Mesa, Arizona 85210
    - 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

OCT 31 2018

SIGNED AND SEALED this date

CHRIS DEROSE, CLERK OF SUPERIOR COURT

By _____
                Deputy Clerk

J. Ford

1  Michael C. McKay (023354)
2  **MCKAY LAW, LLC**
   7702 E. Doubletree Ranch Rd., Ste. 300
3  Scottsdale, Arizona 85258
   Telephone: 480.681.7000
4  Facsimile: 480.348.3999
5  Email: mmckay@mckaylaw.us



OCT **3 1** 2018



CHRIS DEROSE, CLERK
J. FORD
DEPUTY CLERK

6

7

8                        **ARIZONA SUPERIOR COURT**
                          **COUNTY OF MARICOPA**

9
   Christopher Megles, an individual,            Case No. ___CV2018-011817___
10
                    Plaintiff,                   **COMPLAINT**
11
                                                 **DEMAND FOR JURY TRIAL**
12        vs.
                                                 Tier 3
13 Helton Excavating Incorporated, an Arizona
   corporation; Jason Helton, an individual;
14 and Selena Helton,
15
                    Defendants.
16

17                            **NATURE OF ACTION**

18        1.      Christopher Megles ("Plaintiff") brings this action individually and on behalf

19 of all others similarly situated for his Complaint against Helton Excavating Incorporated;

20 Jason Helton; and Selena Helton (collectively, "Defendants").

21        2.      Plaintiff brings this action as a collective action under the Fair Labor

22 Standards Act, 29 U.S.C. **§§** 201-219 ("FLSA") against the Defendants for their unlawful

23 failure to pay wages.

24        3.      Plaintiff also brings this action under the Arizona Wage Act, A.R.S. **§§** 23-

25 351, 23-353 and 23-355 against Defendants for their unlawful failure to pay wages.

26        4.      Plaintiff also asserts a claim against all Defendants for unjust enrichment

27 because Defendants were supposed to be paying Plaintiff a prevailing wage of $20.65 per

28 hour for all work on the Connect 202 Project, but Defendants only paid Plaintiff $17 per

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

1  hour. Upon information and belief, Defendants have been submitting certified payroll

2  reports and/or related documents to federal and state authorities wherein Defendants

3  represent, under penalty of perjury, that they are paying employees prevailing wages as

4  required by the Davis-Bacon Act, 40 U.S.C. § 276 (Davis-Bacon), when in fact Defendants

5  knowingly, intentionally, and with scienter paid Plaintiff and similarly situated employees

6  wages in amounts far less than what Defendants reported to government authorities.

7  Defendants have received money that was supposed to be used to pay Plaintiff and others

8  prevailing wages, but Defendants have unlawfully kept that money for themselves and to the

9  detriment of Plaintiff and all other similarly situated employees.

10       5.     Plaintiff brings this Complaint on behalf of himself and a class of similarly

11  situated employees. Plaintiff seeks to recover unpaid wages, liquidated damages, statutory

12  penalties, reasonable attorneys' fees, and all litigation costs.

13  **JURISDICTION AND VENUE**

14       6.     This Court has jurisdiction over this action pursuant to the Constitution of

15  the State of Arizona and A.R.S. § 12-123.

16       7.     Venue is proper in this Court pursuant to A.R.S. §§ 12-401.

17       8.     This case qualifies for Tier 3 under Rule 26.2 of the Arizona Rules of Civil

18  Procedure.

19  **PARTIES**

20       9.     Plaintiff Christopher Megles resides in Phoenix, Arizona.

21       10.     Defendant Helton Excavating Incorporated is an Arizona corporation with its

22  principal place of business located at 8552 West Dysart Road, El Mirage, Arizona.

23       11.     Defendant Jason Helton resides in Surprise, Arizona.

24       12.     Defendant Selena Helton resides in Surprise, Arizona.

25  **FACTUAL BACKGROUND**

26       13.     Plaintiff has a Commercial Driver's License (CDL) and has been employed as

27  a CDL driver for over 15-years.

28       14.     Helton Excavating Incorporated provides dirt, landscape, and rock delivery

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

services to customers throughout Arizona. Helton Excavating employs roughly twenty-five (25) CDL drivers to transport dirt, rock, and other heavy materials to customers in Arizona.

15.     Helton Excavating secured a lucrative contract to provide services on the Connect 202 Project. The Connect 202 Project is a $1.77 billion dollar project funded by a combination of state and federal funds to construct freeways in Maricopa County. The majority of Helton Excavating's CDL employees are working on the Connect 202 Project.

16.     Jason and Selena Helton own Helton Excavating. They both also control the daily operations of Helton Excavating. Jason Helton hires and fires Helton Excavating's employees. He directly supervises employees. He distributes work assignments to employees. Jason Helton is responsible for determining the pay rates that employees receive. He collects and reviews employee timecards. He is ultimately responsible for deciding if, how, and when, employees are paid.

17.     Selena Helton is Jason Helton's spouse. She acts as the office manager for Helton Excavating. Together with Jason, she is in charge of gathering employees' weekly time cards, processing payroll, and storing payroll records. Selena Helton at times unilaterally decides to cut employees hours, or reclassify employees hours to reduce the amount of wages employees receive.

18.     Jason Helton hired Plaintiff to work for Defendants as a CDL driver in March of 2018. Plaintiff's regular rate of pay was set by Jason Helton at $17.00 per hour. Jason Helton assigned Plaintiff to drive a four axle Freightliner dump truck. Jason Helton established Plaintiff's work schedule on a weekly basis. He decided when and where Plaintiff would work.

19.     Plaintiff was required to do more than just drive the dump truck. He was required to provide routine maintenance on the truck he was assigned to drive. Each morning upon arrival at work, Plaintiff was required to inspect the vehicle and to ensure that it was in proper working condition. Inspections included, checking the steering, air bags, bolts, mechanical components, and springs. Plaintiff was also required to scrub and power-wash the truck. And Plaintiff was required to put fuel in the truck at fuel stations

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

- 3 -

1    located at Defendants' headquarters. These activities often required Plaintiff to work on the

2    truck and at Helton Excavating's headquarters for more than one-half hour per day.

3          20.    Plaintiff kept track of his time working on the truck before and after driving

4    the truck. Plaintiff's pay stubs contain a line item for "pretrip inspections." Occasionally,

5    Plaintiff would receive pay for his pretrip inspection work. But more often than not,

6    Plaintiff would not receive pay for this work. Defendants would simply refuse to pay

7    Plaintiff for this work. When Plaintiff questioned Jason Helton as to why he was not

8    receiving pay for pre-trip inspection hours worked, Jason Helton stated that he did not get

9    paid from customers for Plaintiff's time spent on pre-trip inspections, so therefore he would

10   not pay Plaintiff for this work. Jason Helton knowingly refused to pay Plaintiff wages that

11   Plaintiff was rightfully owed. Jason Helton also refused to pay other drivers for this work.

12         21.    Plaintiff and all the other CDL drivers always began work at Helton

13   Excavating's headquarters located at 8552 West Dysart Road, El Mirage, Arizona. Then

14   Plaintiff and the other drivers would be dispatched to jobsites around the valley. Plaintiff

15   usually was dispatched by Jason Helton to the Connect 202 Project in Chandler, Arizona.

16   The drive from Helton Excavating to the Connect 202 Project takes approximately one

17   hour, much longer in traffic. At the end of each workday, Plaintiff was required to return

18   the truck to Helton Excavating's headquarters. As such, Plaintiff typically spent about two

19   hours driving to and from jobsites as part of his workday. Occasionally, Defendants would

20   pay Plaintiff for the travel time. To be sure, there is a line item on Plaintiff's paystubs for

21   "travel time." But typically Defendants refused to pay Plaintiff for travel time. Defendants

22   typically refused to pay other drivers for travel time as well.

23         22.    Plaintiff questioned Jason Helton about why he was not being paid travel

24   time. Jason Helton responded by terminating Plaintiff's employment.

25         23.    Plaintiff typically worked far more than 40 hours a week, but Defendants

26   refused and failed to pay him overtime by not paying Plaintiff for travel time work, which

27   on average was 10 hours per week, and by refusing to pay Plaintiff for pretrip inspection

28   work, which was on average 2.5 hours per week. Thus, Plaintiff was shorted an average of

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

- 4 -

1   12.5 hours of overtime pay each week.

2       24.    Defendants also committed fraud with respect to Plaintiff's wages. Plaintiff

3   worked mostly on the Connect 202 Project. The Connect 202 Project is a Davis-Bacon

4   project that requires Defendants to pay CDL drivers who work on the project a prevailing

5   wage of $20.65. Defendants, however, paid Plaintiff only $17.00 per hour.

6       25.    Defendants' contract on the Connect 202 provides Defendants with extra

7   compensation to pay CDL drives prevailing wages. Defendant, however, pocketed the

8   money for itself. Defendants submit payroll records and/or similar documents to

9   administrators of the Connect 202 project that fraudulently represent that Defendants are

10  paying CDL drivers prevailing wages when they are not.

11                    **FLSA COLLECTIVE ACTION ALLEGATIONS**

12      26.    Plaintiff repeats and re-alleges the allegations contained in every preceding

13  paragraph as if fully set forth herein.

14      27.    This action is brought as a collective action pursuant to 29 U.S.C. §216(b),

15  on behalf of Plaintiff and all other persons were been employed by Defendants between

16  October 2015 and October 2018.

17      28.    Defendants' failure to pay wages required by the FLSA results from a

18  sweeping decision to violate the FLSA and does not depend on the personal circumstances

19  of the members of the FLSA class.

20      29.    The FLSA class members are similarly situated because they all performed

21  similar basic duties, responsibilities and activities, and are all subject to Defendants'

22  unlawful decision to refuse to pay wages owed to their employees. Thus, Plaintiff's

23  experience is typical of the experience of the other individuals employed by Defendants.

24  Although the issue of damages may be individual in character, there is no detraction from

25  the common nucleus of liability facts.

                                        **COUNT ONE**
26                          **(Failure to Properly Pay Wages – FLSA)**

27      30.    Plaintiff repeats and re-alleges the allegations contained in every preceding

28  paragraph as if fully set forth herein.

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300I
Scottsdale, Arizona 85258
480.681.7000

31.     Defendants were "employers" as defined by the FLSA.

32.     Plaintiff was a "nonexempt employee" as defined by the FLSA.

33.     Defendants failed to comply with 29 U.S.C. §§ 201 *et seq.* in that Plaintiff worked for Defendants and Defendants failed to pay his wages as required by the FLSA.

34.     Defendants' failure to pay wages to Plaintiffs was willful as Defendants either knew their conduct violated the FLSA, or showed reckless disregard for whether their conduct complied with the FLSA.

35.     As a result of Defendants' intentional, willful and unlawful acts, Plaintiffs have suffered economic damages for which they are entitled to compensation as provided under the FLSA, including but not limited to back wages, liquidated damages, costs, and attorneys' fees.

## COUNT TWO
### (Failure to Timely Pay Wages Due – Arizona Wage Act)

36.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

37.     Upon information and belief, Defendants were aware of their obligation to pay employee wages under to A.R.S. § 23-351.

38.     Upon information and belief, Defendants were aware that, under to A.R.S. § 23 351 (A), they were obligated to pay all wages due to Plaintiffs in accordance with their established regular pay periods.

39.     Defendants have willfully failed and refused to timely pay wages due to Plaintiffs.

40.     As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided by A.R.S. § 23 355.

## COUNT THREE
### (Unjust Enrichment)

41.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

42.     Defendants retained employment wages for work performed by Plaintiff that

- 6 -

1   Plaintiff is entitled to recoup. In addition, Defendants received money that was supposed to

2   be used to pay Plaintiff and the class prevailing wages for work on the Connect 202 project.

3   Instead of paying Plaintiff and the class prevailing wages, Defendants' pocketed the money

4   for themselves. Thus Defendants have been unjustly enriched at the expense of Plaintiff.

5   43.   In light of the foregoing, Defendants have been unjustly enriched by the

6   amount of wages not paid to Plaintiffs that they currently retain for their own use and

7   enjoyment.

8   44.   In light of the allegations appearing in this Complaint, there is a direct

9   connection between Defendants' unjust enrichment and Plaintiffs' impoverishment.

10   45.   No justification exists for Defendants' unjust enrichment and Plaintiffs'

11   impoverishment.

12   **WHEREFORE**, Plaintiff respectfully demands a jury trial and requests:

13   A.   For compensatory damages, including liquidated damages pursuant to 29

14   U.S.C. § 201 *et seq.*, to be determined at trial;

15   B.   For treble damages   pursuant to A.R.S. § 23-355 to be determined at trial;

16   C.   Judgment in the amount Defendants have been unjustly enriched;

17   D.   Recovery of pre- and post-judgment interest;

18   E.   For Plaintiff's resulting consequential damages, in an amount to be proven at

19   trial;

20   F.   For Plaintiff's reasonable attorney's fees and costs pursuant to 29 U.S.C. §

21   201 and other applicable statutory provisions; and

22   G.   For such other and further relief as this Court deems just and proper.

23

24   DATED: October 31, 2018       MCKAY LAW, LLC

25

26   */s/ Michael C. McKay*
     7702 E. Doubletree Ranch Rd., Ste. 300
27   Scottsdale, Arizona 85258
     Telephone: 480.681.7000
28   Facsimile: 480.348.3999

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Email: mmckay@mckaylaw.us

*Attorney for Plaintiff*

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000



Michael C. McKay (023354)
**MCKAY LAW, LLC**
7702 E. Doubletree Ranch Rd., Ste. 300
Scottsdale, Arizona 85258
Telephone: 480.681.7000
Facsimile: 480.348.3999
Email: mmckay@mckaylaw.us

OCT **3 1** 2018

CHRIS DEROSE, CLERK
J. FORD
DEPUTY CLERK

### ARIZONA SUPERIOR COURT
### COUNTY OF MARICOPA

Christopher Megles, an individual,

        Plaintiff,

    vs.

Helton Excavating Incorporated, an Arizona
corporation; Jason Helton, an individual;
and Selena Helton,

        Defendants.

Case No. CV 2018-011817

**CERTIFICATE REGARDING
COMPULSORY ARBITRATION**

Tier 3

        The undersigned certifies that he knows the dollar limits and any other limitations
set forth by the local rules of practice for Maricopa County Superior Court, and further
certifies that this case <u>is not</u> subject to compulsory arbitration, as provided Rules 72
through 76 of the Arizona Rules of Civil Procedure.

        DATED: October 31, 2018        MCKAY LAW, LLC

                                        /s/ Michael C. McKay
                                        7702 E. Doubletree Ranch Rd., Ste. 300
                                        Scottsdale, Arizona 85258
                                        Telephone: 480.681.7000
                                        Facsimile: 480.348.3999
                                        Email: mmckay@mckaylaw.us
                                        *Attorney for Plaintiff*

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300]
Scottsdale, Arizona 85258
480.681.7000

# DECLARATION OF SERVICE

| Case:<br>CV2018-<br>011817 | Court:<br>Superior Court of Arizona in<br>Maricopa County | County:<br>MARICOPA |
|---|---|---|
| **Plaintiff / Petitioner:**<br>CHRISTOPHER MEGLES | | **Defendant / Respondent:**<br>HELTON EXCAVATING INCORPORATED, ET<br>AL., JASON HELTON, SELENA HELTON |
| **Received by:**<br>Urban Spy, LLC | | **For:**<br>MCKAY LAW |
| **To be served upon:**<br>HELTON EXCAVATING INCORPORATED, ET AL., JASON HELTON, SELENA HELTON | | |

I, Jason Brown, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** HELTON EXCAVATING INCORPORATED, ET AL., JASON HELTON, SELENA HELTON , Company: 8552 W. DYSART ROAD , EL MIRAGE, AZ

**Manner of Service:** Personal/Individual, Nov 8, 2018, 3:48 pm MST

**Documents:** SUMMONS, COMPLAINT DEMAND FOR JURY TRIAL, CERTIFICATE REGARDING COMPULSORY ARBITRATION, PLAINTIFF'S FIRST REQUEST TO HELTON EXCAVATING INCORPORATED FOR PRODUCTION OF DOCUMENTS

**Additional Comments:**
Successful Attempt: Nov 8, 2018, 3:48 pm MST at Company: 8552 W. DYSART ROAD , EL MIRAGE, AZ received by JASON HELTON FOR HELTON EXCAVATING INCORPORATED, ET AL.,
Successful Attempt: Nov 8, 2018, 3:48 pm MST at POE: 8552 W. DYSART ROAD , EL MIRAGE, AZ received by  JASON HELTON,

I declare under penalty of perjury that the foregoing is true and correct

_____        11/10/2018

Jason Brown                           **Date**

Urban Spy, LLC
PO Box 31521
Phoenix, AZ 85046
602 486-3979

**Fees:**   $165.00

Chris DeRose, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
11/13/2018 11:12:00 AM
Filing ID 9882310

# DECLARATION OF SERVICE

| Case:<br>CV2018-<br>011817 | Court:<br>Superior Court of Arizona in<br>Maricopa County | County:<br>MARICOPA | Job:<br>2782689 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>CHRISTOPHER MEGLES | | **Defendant / Respondent:**<br>HELTON EXCAVATING INCORPORATED, ET AL.,<br>JASON HELTON, SELENA HELTON | |
| **Received by:**<br>Urban Spy, LLC | | **For:**<br>MCKAY LAW | |
| **To be served upon:**<br>HELTON EXCAVATING INCORPORATED, ET AL., JASON HELTON, SELENA HELTON | | | |

I, Jason Brown, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   HELTON EXCAVATING INCORPORATED, ET AL., JASON HELTON, SELENA HELTON , Company: 8552 W. DYSART ROAD , EL MIRAGE, AZ

**Manner of Service:**   Personal/Individual, Nov 8, 2018, 3:48 pm MST

**Documents:**   SUMMONS, COMPLAINT DEMAND FOR JURY TRIAL, CERTIFICATE REGARDING COMPULSORY ARBITRATION, PLAINTIFF'S FIRST REQUEST TO HELTON EXCAVATING INCORPORATED FOR PRODUCTION OF DOCUMENTS

**Additional Comments:**
Successful Attempt: Nov 8, 2018, 3:48 pm MST at Company: 8552 W. DYSART ROAD , EL MIRAGE, AZ received by JASON HELTON FOR HELTON EXCAVATING INCORPORATED, ET AL.,
Successful Attempt: Nov 8, 2018, 3:48 pm MST at POE: 8552 W. DYSART ROAD , EL MIRAGE, AZ received by  JASON HELTON,

I declare under penalty of perjury that the foregoing is true and correct

_____  11/10/2018

Jason Brown          **Date**

Urban Spy, LLC
PO Box 31521
Phoenix, AZ 85046
602 486-3979

**Fees:**  $165.00

# EXHIBIT 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael C. McKay (023354)
**MCKAY LAW, LLC**
7702 E. Doubletree Ranch Rd., Ste. 300
Scottsdale, Arizona 85258
Telephone: 480.681.7000
Facsimile: 480.348.3999
Email: mmckay@mckaylaw.us

*(left margin, rotated)* McKay Law LLC · LAW OFFICES · 7702 E. Doubletree Ranch Road, Suite 300 · Scottsdale, Arizona 85258 · 480.681.7000

### ARIZONA SUPERIOR COURT
### COUNTY OF MARICOPA

| | |
|---|---|
| Christopher Megles, an individual, | Case No. CV2018-011817 |
| Plaintiff, | **PLAINTIFF'S FIRST REQUEST TO HELTON EXCAVATING INCORPORATED FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| Helton Excavating Incorporated, an Arizona corporation; Jason Helton, an individual; and Selena Helton, | |
| Defendants. | |

**TO:    Defendant Helton Excavating Incorporated**

Pursuant to Rule 26(a), and 34, *Arizona Rules of Civil Procedure,* Plaintiff Christopher Megles ("Plaintiff") hereby submits the following Request for Production of Documents.

### INSTRUCTIONS FOR REQUEST FOR PRODUCTION

Pursuant to Rule 34, *Arizona Rules of Civil Procedure,* you are hereby requested to produce the below-listed items at the law offices of McKay Law, LLC 7702 East Doubletree Ranch Road, Suite 300, Scottsdale, Arizona 85258 within **forty (40) days** after service of this request.

The documents or things sought by this request include documents and things in the possession, custody or control of the party or person, its attorney, and all agents, servants, representatives, investigators and others who may have obtained custody of the documents and things on behalf of the opposing party or its attorneys.

The documents or things sought by this request include "electronically stored information" or "ESI" and any document that can be or has been stored in electronic form on a server, tape, electronic media such as an internal or external hard drive or any media whereby the document can be saved and be available for retrieval using any retrieval device, including a computer or server. ESI shall be produced in the manner specified in Attachment A.

Where the term "you," "plaintiff" or "defendant" are used, they are meant to include every individual party and separate answers should be given for each person named as a party, if requested. Where an individual request calls for a response which involves more than one item, the response of each individual party should be clearly set out that it is understandable and so that the items are different.

"Class" or "Collective Members" means all individuals who satisfy any class or collective member definition set forth in the operative complaint in this action.

The relevant time period for these requests is October 31, 2015 to the present.

Each party upon whom this request is served is hereby notified that should such party fail to comply with this request or any party hereof, then the undersigned party may seek sanctions under Rule 37(a), *Arizona Rules of Civil Procedure*.

CLAIMS OF PRIVILEGE:  For each document not produced because of a claim of privilege or other immunity from production, state:

(a)     A description of the document;

(b)     The specific factual and legal reasons for not producing the document;

(c)     The identity of the author of the document;

(d)     The identity of each person whom you have to have seen, read or received the document or any copy thereof;

(e)     The date of the document; and

(f)     The general subject matter of the document.

At or before the filing of the complaint in this case, defendants were under a duty to preserve documents and ESI related to this matter. Accordingly, plaintiff expects that

1  defendants and their counsel will prevent the destruction or alteration of any documents

2  requested herein by the operation of any electronic information system (routine or

3  otherwise) and hereby put defendants on notice that any destruction or alteration of such

4  documents, or any action that makes such documents more difficult or expensive to access

5  and use, without completing a meet and confer process with plaintiff's counsel regarding

6  such action, will not be considered to be in "good faith," as contemplated in Ariz. R. Civ. P.

7  37(f). If defendants do not believe that they can reasonably comply with this instruction,

8  plaintiff requests that defendants contact plaintiff, in writing, within 10 days from receipt of

9  these requests, to meet and confer about whether immediate Court intervention is

10  necessary.

11  Unless otherwise indicated, Plaintiffs request that Defendant produce responsive

12  documents as follows:

13  (a)  Documents should be provided on DVD, CD or external hard drive.

14  The volume of the documents will determine whether they are

15  provided on DVD, CD, or hard drives.

16  (b)  Documents should not be zipped, compressed, encrypted, or otherwise

17  restricted or proprietarily protected for specific use.

18  (c)  Paper documents should be scanned and processed to TIFF files. If a

19  document is available to defendants both in paper and electronic

20  form, plaintiff requests that defendants produce the requested

21  document in electronic form, as described herein.

22  **REQUEST FOR PRODUCTION OF DOCUMENTS**

23  **REQUEST FOR PRODUCTION NO. 1:**

24  Documents showing, for all Class or Collective Members, the following information

25  applicable at all times during the relevant period:

26  •  Full name, job position information, job title, job code, job level, salary grade,

27  job location, and dates of all changes to any of these variables;

28  •  All information regarding compensation earned by or paid by defendants to

McKay Law
LLC
LAW OFFICES
7702. E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

1          each individual; and

2          •      All last known contact information, including current and former home

3          address, telephone numbers, and email addresses.

4 **REQUEST FOR PRODUCTION NO. 2:**

5      All documents that show the work sites at which any Class or Collective Member

6 works or worked during the relevant period, including the address of those work sites.

7 **REQUEST FOR PRODUCTION NO. 3:**

8      All documents that refer or relate to compensation of any Class or Collective

9 Member, including wage rates, salary rates, bonuses, overtime rates, and/or total

10 compensation, including computer-readable payroll data to the extent not produced in

11 Request No. 1.

12 **REQUEST FOR PRODUCTION NO. 4:**

13      Any record of the amount of time worked by Class or Collective Members during

14 the relevant period, including records maintained by Defendants, Defendants' managers,

15 information technology department, Class or Collective Members themselves (including

16 hours surveys), other employees of Defendants, third parties through billing systems, or

17 through any telephonic or manual time-keeping systems, PRIME, TUT, e-Link, or other

18 systems.

19 **REQUEST FOR PRODUCTION NO. 5:**

20      All documents that refer or relate to work schedules for any Class or Collective

21 Member during the relevant time period.

22 **REQUEST FOR PRODUCTION NO. 6:**

23      All documents, including notes, memoranda, electronic mail, text messages, letters,

24 and/or meeting minutes, that refer or relate to: (a) Defendants' compliance and/or non-

25 compliance with wage and hour laws as to Class or Collective Members; (b) Defendants'

26 failure to pay Class or Collective Members all wages due and/or for all hours worked; (c)

27 Defendants' failure to record hours of work performed by any Class or Collective Member;

28 and/or (d) Defendants' failure to accurately record hours of work performed by any Class

- 4 -

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

1  or Collective Member. This request applies to documents during and before the relevant

2  time period.

3  **REQUEST FOR PRODUCTION NO. 7:**

4       All documents that relate to defendants' work on the Connect 202 Project as that

5  project is identified in the operative complaint including: (a) any bids for work on the

6  project; (b) contracts awarded on the project; (c) invoices or requests for payment you sent

7  to project administrators; (d) payments received for work on the project; and (e) all

8  communications that relate to prevailing wages on the project or the hourly pay rates of

9  Class or Collective Members.

10       DATED: October 31, 2018          MCKAY LAW, LLC

11

12                                        /s/ Michael C. McKay
                                          7702 E. Doubletree Ranch Rd., Ste. 300
13                                        Scottsdale, Arizona 85258
                                          Telephone: 480.681.7000
14                                        Facsimile: 480.348.3999
                                          Email: mmckay@mckaylaw.us
15                                        *Attorney for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

## Attachment A

Pursuant to Arizona Rule of Civil Procedure 34(a)(1), Plaintiff requests that ESI be produced as follows:

1.      Documents created or stored electronically should not be produced in hard copy. All ESI should be produced with the metadata requested below.

2.      Documents originating in spreadsheet, word processing, or presentation programs such as Excel, Microsoft Word, or PowerPoint should be produced in native form. For deliverables containing native files, a native file path/link should be included in the metadata load file. Additionally a Bates-stamped TIFF placeholder should be included in the production and reflected in the image load file. The number of native files per folder should be limited to 1,000 files.

3.      In the event that responses to these requests encompass ESI from proprietary or non-proprietary databases, Plaintiffs request that the parties meet and confer to discuss the fields contained in the database and the best means of producing responsive information from them, such as running reports or queries. In the event that ESI will be produced directly from a database, ESI should be produced in a comma delimited file or in Excel format, with all formulae and records of irregular or manual manipulation of data reflected. If proprietary software is required to access or use documents in their native format, please supply such software. A written list of all database fields and a reasonable description for each field, or a "database dictionary" should be included.

4.      For deliverables containing multi-media files, the following production format should be used:

        a.       Audio Data Files: Audio data files should be produced in audio Windows Media Audio ("WMA") format or "MP3" format.

        b.      Video Files: Video files should be produced in Audio/Video Interleaved ("AVI") format.

        c.      Image Files: If providing color images, files should be produced in

"JPEG/JPG" format with a resolution of 150 to 300 DPI.

5.      All productions should be free of computer viruses.

6.      All deliverables should include a metadata load file that is a .DAT or .TXT format with standard Concordance delimiters, and contain all fields outlined below. Image load files should be provided in .OPT format.

7.      Documents should be produced with TIFF images and named according to the Bates number of the corresponding TIFF image. Each *.tiff file should be assigned a unique name matching the Bates number of the corresponding image. The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

8.      All unredacted documents should be provided with complete document-level extracted text files. In the event a document contains text which is to be redacted, OCR text files should be provided for any un-redacted portions of the documents. Document-level OCR text files should be provided for any unredacted portions of redacted documents and for all hard copy scanned documents. The extracted full text and/or OCR text for all deliverables should be in separate document-level TXT files. These TXT files may either be provided in a separate folder or included in the same folder as their corresponding images. The number of TXT files per folder should be limited to 1,000 files.

9.      For email collections, the parent-child relationships (the association between emails and attachments) should be preserved. Email attachments should be consecutively produced with the parent email record.

10.     All images should be provided in single-page, Group IV TIFF with a resolution of 300 DPI. Bates numbers and confidentiality designations should be electronically branded on each produced *.tiff image. These .TIFF images should be

1   provided in a separate folder and the number of TIFF files per folder should be limited to
2   1,000 files.

3        11.     Metadata to be produced: The following metadata fields should be produced
4   for each document to the extent that such information is available at the time of collection
5   and processing, except that if a field contains privileged information, that privileged
6   information may be redacted and noted in a corresponding privilege log. All requests
7   should be read to include a request for all metadata associated with all documents
8   responsive to the request.

### CERTIFICATE OF SERVICE

ORIGINAL of the foregoing
was served with the summons and complaint

/s/ Michael C. McKay
Michael C. McKay

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

AZ Corp. Commission

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

04712517

RECEIVED

JUN 2 0 2014

ARIZONA CORP. COMMISSION
CORPORATIONS DIVISION

---

DO NOT WRITE ABOVE THIS LINE; RESERVED FOR ACC USE ONLY.

# LLC STATEMENT OF CHANGE
# OF KNOWN PLACE OF BUSINESS ADDRESS OR STATUTORY AGENT

*Read the Instructions L0201*

**NOTE** – no matter what is being changed, numbers 1, 2, 3.1, 4.1, and 4.2 must be completed. The form will be rejected if those sections are not completed.

**1. ENTITY NAME** – give the exact name of the LLC as currently shown in A.C.C. records:

THOMAS CHARLES EDITIONS, LLC

**2. A.C.C. FILE NUMBER:**  L-1062078-1

Find the A.C.C. file number on the upper corner of filed documents OR on our website at: http://www.azcc.gov/Divisions/Corporations

**3. ARIZONA KNOWN PLACE OF BUSINESS ADDRESS:**

| 3.1 REQUIRED – list the known place of business address currently shown in A.C.C. records (before any changes): | | | 3.2 Optional - List the NEW known place of business address in Arizona (must be a street or physical address): | | |
|---|---|---|---|---|---|
| Attention (optional) | | | Attention (optional) | | |
| 15455 N. GREENWAY-HAYDEN LOOP | | | 42302 N. VISION WAY | | |
| Address 1 | | | Address 1 | | |
| SUITE C-12 | | | SUITE 105 | | |
| Address 2 (optional) | **AZ** | 85260 | Address 2 (optional) | **AZ** | 85086 |
| City SCOTTSDALE | State | Zip | City ANTHEM | State | Zip |

**3.3** If you completed 3.2, is the NEW known place of business address in Arizona the same as the street address of the statutory agent?  ☐ Yes  ☒ No

**4. CURRENT OR EXISTING STATUTORY AGENT** – list the name and addresses of the statutory agent as shown in the records of the Arizona Corporation Commission *before any changes* (this is the existing statutory agent):

| 4.1 REQUIRED – list the **name** and **physical or street address** (not a P.O. Box) in Arizona of the existing statutory agent: | | | 4.2 REQUIRED – list the **mailing address** (if one exists in A.C.C. records) in Arizona of the existing Statutory Agent: | | |
|---|---|---|---|---|---|
| H. WHITEFIELD CRAIL, JR. | | | | | |
| Statutory Agent Name | | | | | |
| Attention (optional) | | | Attention (optional) | | |
| 10446 N. 74TH STREET #200 | | | | | |
| Address 1 | | | Address 1 | | |
| SUITE 200 | | | | | |
| Address 2 (optional) | **AZ** | 85258 | Address 2 (optional) | | |
| City SCOTTSDALE | State | Zip | City | State | Zip |

L020.001
Rev. 2010

# EXHIBIT 3

Skip To MainContent

[ Search ]

Civil Court Case Information - Case History

# Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2018-011817 | Judge: | Welty, Joseph |
| File Date: | 10/31/2018 | Location: | Downtown |
| Case Type: | Civil | | |

# Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Christopher Megles | Plaintiff | Male | Michael McKay |
| Helton Excavating Incorporated | Defendant | | Pro Per |
| Jason Helton | Defendant | Male | Pro Per |
| Selena Helton | Defendant | Female | Pro Per |

# Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 11/13/2018 | AFS - Affidavit Of Service | 11/14/2018 | |
| NOTE: DECLARATION of Service/HELTON EXCAVATING INC., JASON HELTON, SELENA HELTON | | | |
| 11/12/2018 | AFS - Affidavit Of Service | 11/16/2018 | |
| NOTE: HELTON EXCAVATING INCORPORATED JASON HELTON SHELENA HELTON | | | |
| 10/31/2018 | COM - Complaint | 11/5/2018 | |
| 10/31/2018 | CCN - Cert Arbitration - Not Subject | 11/5/2018 | |
| 10/31/2018 | CSH - Coversheet | 11/5/2018 | |

# Case Calendar

**There are no calendar events on file**

# Judgments

**There are no judgments on file**