Michael C. McKay (023354)
**MCKAY LAW, LLC**
7702 E. Doubletree Ranch Rd., Ste. 300
Scottsdale, Arizona 85258
Telephone: 480.681.7000
Facsimile: 480.348.3999
Email: mmckay@mckaylaw.us

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

**ARIZONA SUPERIOR COURT**
**COUNTY OF MARICOPA**

Christopher Megles, an individual; Lonny Gomez, Jr., an individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

Helton Excavating Incorporated, an Arizona corporation; Jason Helton, an individual; and Selena Helton,

Defendants.

Case No. 2:18-cv-04457-DJH

**AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

(Hon. Diane J. Humetewa)

## NATURE OF ACTION

1. Christopher Megles and Lonny Gomez, Jr. (collectively, "Plaintiffs") bring this action individually and on behalf of all others similarly situated for their Amended Complaint against Helton Excavating Incorporated; Jason Helton; and Selena Helton (collectively, "Defendants").

2. Plaintiffs bring this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") against the Defendants for their unlawful failure to pay wages.

3. Plaintiffs also bring this action under the Arizona Wage Act, A.R.S. §§ 23-351, 23-353 and 23-355 against Defendants for their unlawful failure to pay wages.

4. Plaintiffs seek to recover unpaid wages, liquidated damages, statutory penalties, reasonable attorneys' fees, and all litigation costs.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter and the parties under 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' claims under A.R.S. §§ 23-351, 23-353 and 23-355 and 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona within this District.

**PARTIES**

8. Plaintiff Christopher Megles resides in Phoenix, Arizona.

9. Plaintiff Lonny Gomez, Jr. resides in Phoenix, Arizona.

10. Defendant Helton Excavating Incorporated is an Arizona corporation with its principal place of business located at 8552 West Dysart Road, El Mirage, Arizona.

11. Defendant Jason Helton resides in Surprise, Arizona.

12. Defendant Selena Helton resides in Surprise, Arizona.

**FACTUAL BACKGROUND**

13. Plaintiffs have a Commercial Driver's License (CDL) and have been employed collectively as CDL drivers for over 20-years.

14. Helton Excavating Incorporated provides dirt, landscape, and rock delivery services to customers throughout Arizona. Helton Excavating employs roughly twenty-five (25) CDL drivers to transport dirt, rock, and other heavy materials to customers in Arizona.

15. Helton Excavating secured a lucrative contract to provide services on the Connect 202 Project. The Connect 202 Project is a $1.77 billion dollar project funded by a combination of state and federal funds to construct freeways in Maricopa County. The majority of Helton Excavating's CDL employees are working on the Connect 202 Project.

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300]
Scottsdale, Arizona 85258
480.681.7000

16. Jason and Selena Helton own Helton Excavating. They both also control the daily operations of Helton Excavating. Jason Helton hires and fires Helton Excavating's employees. He directly supervises employees. He distributes work assignments to employees. Jason Helton is responsible for determining the pay rates that employees receive. He collects and reviews employee timecards. He is ultimately responsible for deciding if, how, and when, employees are paid.

17. Selena Helton is Jason Helton's spouse. She acts as the office manager for Helton Excavating. Together with Jason, she is in charge of gathering employees' weekly time cards, processing payroll, and storing payroll records. Selena Helton at times unilaterally decides to cut employees hours, or reclassify employees hours to reduce the amount of wages employees receive.

18. Jason Helton hired Plaintiffs to work for Defendants as CDL drivers. Plaintiffs' regular rate of pay was set by Jason Helton at $17.00 per hour. Jason Helton assigned Plaintiffs to drive Freightliner dump trucks. Jason Helton established Plaintiffs' work schedule on a daily, weekly, and monthly basis. Jason Helton decided when and where Plaintiffs would work for Helton Excavating.

19. Plaintiffs were required to do more than just drive trucks. They were required to provide routine maintenance on the trucks they were assigned to drive. Each morning upon arrival at work, Plaintiffs were required to inspect the trucks and to ensure that they were in proper working condition. Inspections included, checking the steering, air bags, bolts, mechanical components, brakes, axel components, and springs. Plaintiffs were also required to scrub and power-wash trucks. And Plaintiffs were required to put fuel in trucks at fuel stations located at Defendants' headquarters. These activities often required Plaintiff to work on the truck and at Helton Excavating's headquarters. Plaintiffs spent more than one-half hour per day performing these activities.

20. Plaintiffs kept track of their time working on the trucks before and after driving the trucks. Plaintiffs' pay stubs contain a line item for "pretrip inspections." Occasionally, Plaintiffs would receive pay for pretrip inspection work. But more often than

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300]
Scottsdale, Arizona 85258
480.681.7000

not, Plaintiffs would not receive pay for this work – even though the work was performed on a daily basis. Defendants would simply refuse to pay Plaintiffs for this work. When Plaintiffs questioned Jason Helton as to why they were not receiving pay for pre-trip inspection hours worked, Jason Helton stated that since he did not get paid from customers for Plaintiffs' time spent on pre-trip inspections, he therefore would not pay Plaintiffs for this work. Jason Helton knowingly refused to pay Plaintiffs wages that Plaintiffs were rightfully owed. Jason Helton also refused to pay other drivers for this work.

21. Plaintiffs and all the other CDL drivers employed by Helton Excavating always began work at Helton Excavating's headquarters located at 8552 West Dysart Road, El Mirage, Arizona. Then Plaintiffs and the other drivers would be dispatched to jobsites around the valley. Plaintiffs were often dispatched by Jason Helton to the Connect 202 Project in Chandler, Arizona. The drive time from Helton Excavating to the Connect 202 Project varied depending on the particular jobsite, but drive typically took approximately one hour, often much longer if traffic was a delaying factor. At the end of each workday, Plaintiffs were required to return the trucks to Helton Excavating's headquarters. Regardless of whether the Plaintiffs were dispatched to the Connect 202 Project, or dispatched elsewhere, they were always required to drive to a jobsite located away from Helton Excavating's headquarters. As such, Plaintiffs typically spent about two hours driving to and from jobsites as part of their workdays. Occasionally, Defendants would pay Plaintiffs for the travel time to and from jobsites. To be sure, there is a line item on Plaintiff's paystubs for "travel time." But typically Defendants refused to pay Plaintiffs for travel time because Defendants did not bill their customers for drivers' travel time. Defendants typically refused to pay other drivers for travel time as well.

22. Plaintiff Chris Megles questioned Jason Helton about why he was not being paid travel time. Jason Helton responded by terminating Plaintiff's employment.

23. Defendants submit certified payroll records in connection with work performed on the Connect 202 Project. Upon information and belief, these payroll records will show that Defendants did not pay drivers for travel or pre inspection work, but rather

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300]
Scottsdale, Arizona 85258
480.681.7000

only paid drivers for the hours that Defendants billed on the Connect 202 Project.

24. Plaintiffs typically worked far more than 40 hours a week, but Defendants refused and failed to pay them overtime by not paying Plaintiffs for travel time, which on average was 10 hours per week, and by refusing to pay Plaintiffs for pretrip inspection work, which was on average 2.5 hours per week. Thus, Plaintiffs were shorted an average of 12.5 hours of overtime pay each week.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

26. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiffs and all other persons who were been employed by Defendants between October 2015 to the present.

27. Defendants' failure to pay wages required by the FLSA results from a sweeping decision to violate the FLSA and does not depend on the personal circumstances of the members of the FLSA class.

28. The FLSA class members are similarly situated because they all performed similar basic duties, responsibilities and activities, and are all subject to Defendants' unlawful decision to refuse to pay wages owed to their employees. Thus, Plaintiffs' experience is typical of the experience of the other individuals employed by Defendants. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**RULE 23 CLASS ACTION ALLEGATIONS**

29. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

30. This action is also brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 class is defined as follows: Plaintiffs and all other persons who were employed by Defendants between October 2015 to the present.

31. Members of the Rule 23 class are so numerous that joinder of all members is impractible. The exact numbers of class members is unknown; such information is in the exclusive control of Defendants; however, Plaintiffs allege the number of class members consists of approximately 40 individuals.

32. Common questions of law and fact affect the claims of Plaintiffs and all class members, and common relief by way of damages is sought for Plaintiffs and all class members. These common questions of law and fact predominate over any individual questions that may exist or arise.

33. Plaintiffs' claims are typical of absent class members' claims. All of these claims arise from the same factual background and legal theories. Plaintiffs and all members of the class sustained damages arising out of Defendants' wrongful course of conduct. The harms suffered by Plaintiffs are typical of the harms suffered by the members of the class.

34. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel competent and experienced in class action and employment law, and have no conflict of interest with other class members in the maintenance of this class action. Plaintiffs will vigorously pursue the claims of the class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, because the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it impracticable for the class to individually seek redress for the wrongs done to them. Plaintiffs believe that class members, to the extent they are aware of their rights against Defendants, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages, and that a class action is the only feasible means of recovery for the class members. Individual actions also would present a substantial risk of inconsistent decisions, even though each class member has an identical claim of right against Defendants.

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
480.681.7000

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300]
Scottsdale, Arizona 85258
480.681.7000

36. Plaintiffs envision no difficulty in the management of this action as a class action. The advantages of maintaining the action as a class action far outweigh the expense and waste of judicial effort that would result in separate adjudications of these issues for each member of the class or the injustice that would result if individual actions could not be brought due to lack of notice or resources.

**COUNT ONE**
**(Failure to Properly Pay Wages – FLSA)**

37. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

38. Defendants were "employers" as defined by the FLSA.

39. Plaintiffs were a "nonexempt employees" as defined by the FLSA.

40. Defendants failed to comply with 29 U.S.C. §§ 201 *et seq.* in that Plaintiffs worked for Defendants and Defendants failed to pay their wages as required by the FLSA.

41. Defendants' failure to pay wages to Plaintiffs was willful as Defendants either knew their conduct violated the FLSA, or showed reckless disregard for whether their conduct complied with the FLSA.

42. As a result of Defendants' intentional, willful and unlawful acts, Plaintiffs have suffered economic damages for which they are entitled to compensation as provided under the FLSA, including but not limited to back wages, liquidated damages, costs, and attorneys' fees.

**COUNT TWO**
**(Failure to Timely Pay Wages Due – Arizona Wage Act)**

43. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

44. Upon information and belief, Defendants were aware of their obligation to pay employee wages under to A.R.S. § 23-351.

45. Upon information and belief, Defendants were aware that, under to A.R.S. § 23 351 (A), they were obligated to pay all wages due to Plaintiffs in accordance with their established regular pay periods.

McKay Law LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300]
Scottsdale, Arizona 85258
480.681.7000

46. Defendants have willfully failed and refused to timely pay wages due to Plaintiffs.

47. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided by A.R.S. § 23 355.

**WHEREFORE**, Plaintiffs respectfully demand a jury trial and request:

A. For compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*, to be determined at trial;

B. For an order certifying this action as a collective and class action;

C. For treble damages pursuant to A.R.S. § 23-355 to be determined at trial;

D. Judgment in the amount Defendants have been unjustly enriched;

E. Recovery of pre- and post-judgment interest;

F. For Plaintiff's resulting consequential damages, in an amount to be proven at trial;

G. For Plaintiff's reasonable attorney's fees and costs pursuant to 29 U.S.C. § 201 and other applicable statutory provisions; and

H. For such other and further relief as this Court deems just and proper.

DATED: February 11, 2019

MCKAY LAW, LLC

*/s/ Michael C. McKay*
7702 E. Doubletree Ranch Rd., Ste. 300
Scottsdale, Arizona 85258
Telephone: 480.681.7000
Facsimile: 480.348.3999
Email: mmckay@mckaylaw.us
*Attorney for Plaintiffs*

McKay Law
LLC
LAW OFFICES
7702 E. Doubletree Ranch Road, Suite 300]
Scottsdale, Arizona 85258
480.681.7000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2019, I electronically transmitted the attached document to the Office of the Clerk of the United States District Court, District of Arizona, using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic filing to all CM/ECF registrants for this case.

By: /s/ Michael C. McKay