1  FENNEMORE CRAIG, P.C.
   Travis A. Pacheco (No. 026337)
2  2394 E. Camelback Road
   Suite 600
3  Phoenix, Arizona 85016
   Telephone: (602) 916-5000
4  Email: tpacheco@fclaw.com
   *Attorneys for Defendants*
5
   Michael C. McKay
6  McKay Law, LLC
   7702 E. Doubletree Ranch Road, Suite 300
7  Scottsdale, AZ 85253
   Telephone: (480) 681-7000
8  Email: mmckay@mckaylaw.us
   *Attorney for Plaintiffs*
9

10                    UNITED STATES DISTRICT COURT

11                        DISTRICT OF ARIZONA

12
   | Christopher Megles, an individual; Lonny Gomez, Jr., an individual, on behalf of themselves and all others similarly situated, | No. 2:18-cv-04457-DJH |
   | --- | --- |
13
   | | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL WITH PREJUDICE** |
14
15 |                        Plaintiffs, | |
16 |                   v. | |
17 | Helton Excavating Incorporated, an Arizona corporation; Jason Helton, an individual; and Selena Helton, | |
18 |                        Defendants. | |
19

20        Defendants Helton Excavating, Incorporated, Jason Helton and Selena Helton,

21  husband and wife ("Defendants") and Plaintiffs Christopher Megles and Lonnie Gomez, Jr.

22  (identified in the caption as Lonny Gomez, Jr.) ("Plaintiffs"), collectively referred to as the

23  "Parties," jointly move this Court for an order approving the parties' Settlement Agreement,

24  and dismissing Plaintiffs' individual claims with prejudice.  The Parties also seek an order

25  dismissing all claims on behalf of the proposed class without prejudice.

26        This Motion is supported by the following Memorandum of Points and Authorities, the

FENNEMORE CRAIG, P.C.

PHOENIX

attached settlement agreement and Declarations, and the Court's entire record herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties

Helton Excavating, Incorporated ("Helton Excavating") is a family-owned and operated small business based in El Mirage, Arizona.  It performs certain services for commercial and residential customers, including swimming pool excavation and fill-in, trucking, landscape rock and dirt delivery in the greater Phoenix area.  Jason Helton is the President and sole shareholder/owner of Helton Excavating.  His spouse, Selena Helton, is the office manager for the company.   Jason and Selena Helton were each named as Defendants in this action.   In addition to the individual Helton Defendants, Helton Excavating currently employs a total of 24 employees, including the Heltons' three adult sons and Jason Helton's brother.  The company's employees consist of excavators, heavy equipment operators, laborers, mechanics, administrative staff, and dump truck drivers.

The Plaintiffs are former employees for Helton Excavating who held the positions of dump truck drivers.  They were each employed by Helton Excavating for approximately six (6) months. Christopher Megles worked for Helton Excavating from March 2, 2018 until September 10, 2018. Lonnie Gomez, Jr. worked for Helton Excavating from May 7, 2018 until November 2, 2018.  At all times material, the Plaintiffs were paid an hourly rate of $17.00 per hour.

### B. The Litigation

On October 31, 2018, Plaintiff Christopher Megles commenced an action against Defendants in the Maricopa County Superior Court, entitled CHRISTOPHER MEGLES, an individual vs. HELTON EXCAVATING INCORPORATED, an Arizona corporation; JASON HELTON, an individual; and Selena Helton, Case No. CV2018-011817 ("State

Court Action").  The State Court Action was thereafter removed by Defendants to this Court, Case No. 2:18-cv-04457-DJH (the "Lawsuit").

Plaintiff Christopher Megles instituted his action for unpaid wages under the Fair Labor Standards Act, 29, U.S.C. §§ 201-219 ("FLSA"), and under the Arizona Wage Act, A.R.S. §§ 23-351, 23-353 and 23-355.  According to the Complaint, the action was brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff Christopher Megles and all other persons employed by Defendants between October 2015 and 2018. In the Lawsuit, Plaintiff claimed that Defendants failed to pay him and other similarly situated individuals the prevailing wages required under the Davis-Bacon Act, 40 U.S.C. § 276, for work performed on the Connect 202 Project in Maricopa County.  He also alleged that Defendants failed to pay for certain allegedly compensable time, including certain travel time to and from Helton's headquarters to jobsites around the valley, and certain pre- and post-vehicle inspection time.  The Complaint alleged the following three causes of action: (1) Failure to Properly Pay Wages – FLSA; (2) Failure to Timely Pay Wages Due – Arizona Wage Act; and (3) Unjust Enrichment. Defendants filed an Answer to the Complaint denying liability.

On February 11, 2019, Plaintiff Christopher Megles filed an "Amended Collective and Class Action Complaint" (hereinafter "Amended Complaint"), which resulted in the following primary changes to the Lawsuit: (1) added Lonny Gomez, Jr. as a named Plaintiff; (2) included allegations concerning a Rule 23 class action; (3) removed allegations and claims that asserted purported violations by Helton Excavating of the Davis-Bacon Act; and (4) removed the Unjust Enrichment claim.  Therefore, the operative complaint in the Lawsuit is the Amended Complaint, which alleges the following two causes of action based upon Defendants' purported failure to pay for certain allegedly compensable work time and overtime: (1) Failure to Properly Pay Wages – FLSA; and (2) Failure to Timely Pay Wages

Due – Arizona Wage Act.[1]  As a result of these allegations, Plaintiffs seek to recover, in part, alleged unpaid wages and overtime wages, attorneys' fees and costs, and liquidated damages pursuant to Section 216 of the FLSA.  Defendants filed an Answer to the Amended Complaint denying liability.

To date, there has been no collective action certified on the FLSA-related claims, conditionally or otherwise. Similarly, there has been no class certified under Rule 23 on the state law claims.

**C. Status and Settlement Negotiations**

The Parties responded to the Court's mandatory discovery requests, have exchanged initial and supplemental Rule 26 disclosure statements, and served and responded to certain preliminary discovery.  Additionally, Defendants deposed each of the Plaintiffs on May 10, 2019 regarding their claims.

While this action was pending, the Parties engaged in good faith settlement negotiations, which had previously been unsuccessful.[2]  Following the recent depositions of Plaintiffs, the Parties resumed settlement negotiations and were able to come to an agreement to fully resolve Plaintiffs' individual claims and the lawsuit.

The Parties have subsequently memorialized all of the terms of their settlement in the Settlement and Release Agreement (the "Settlement Agreement") attached hereto as Exhibit "A".  All Parties have signed the Settlement Agreement.  The Parties stipulate that they had a *bona fide* dispute and they are resolving this matter in order to avoid the time, expense and uncertainty of continued litigation.  The Parties attest to the fairness and reasonableness of their settlement and request that the Court approve the settlement and

---

[1] The Plaintiffs sought to pursue their FLSA cause of action as a collective action on behalf of themselves and a class of current and former employees of Helton Excavating. In addition, Plaintiffs sought a class action under Rule 23 of the Federal Rules of Civil Procedure for the Arizona state law wage claims.

[2] The Parties previously exchanged settlement offers, none of which were accepted, including Defendants' Rule 68 Offers of Judgments served on the named Plaintiffs.

1  dismiss Plaintiffs' claims with prejudice, and the putative class claims without prejudice.

2  **II.**   **LEGAL ANALYSIS**

3      **A. The Settlement of the Plaintiffs' claims should be approved.**

4          In order to be enforceable, private settlement of claims under the FLSA must be

5  supervised by the Department of Labor or reviewed by a court or other judicial officer for

6  fairness. *Fontes v. Drywood Plus, Inc.*, 2013 WL 6228652, at *5 (D. Ariz. Dec. 2, 2013)

7  (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).  "A

8  district court may approve [an FLSA] settlement agreement if it reflects a 'reasonable

9  compromise over the issues.'" *Fontes*, 2013 WL 6228652, at *5 (quoting *Lopez v. Arizona

10 Public Serv. Co.*, 2010 WL 1403873, at * 1 (D. Ariz. Jan. 27, 2010)).  FLSA settlements

11 must reflect "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."

12 *Lynn's Food Stores*, 679 F.2d at 1355.  Court approval is favored "to promote the policy of

13 encouraging settlement of litigation," where the settlement reflects a "reasonable

14 compromise over issues" that are "actually in dispute." *Id*. at 1354.

15         Here, there is a *bona fide* dispute regarding Defendants' liability for unpaid wages

16 and overtime wages under the FLSA, related primarily to Plaintiffs' travel and vehicle

17 inspection time.  In Plaintiffs' Rule 26 Initial Disclosure Statement, Plaintiffs disclosed a

18 rough computation of damages and asserted that Defendants owe Plaintiff Megles a total of

19 $6,902.00 in unpaid and overtime wages, and a "similar" amount for Plaintiff Gomez, along

20 with liquidated damages (i.e., double damages) under the FLSA.  Defendants contend that

21 Plaintiffs have grossly exaggerated their purported vehicle inspection and travel times, and

22 "estimate" of 12.5 hours of unpaid overtime each week.  Defendants further deny Plaintiffs'

23 claim that the Plaintiffs worked overtime for every week that they worked at Helton.

24 Moreover, Defendants maintain that Plaintiffs were paid for vehicle inspection, travel time

25 and other compensable time, even if such time was not always separately itemized on

26

Plaintiffs' paystubs.  For argument's sake, if Plaintiffs were able to prove that they were not paid fully for travel, vehicle inspection/maintenance, and overtime during their six months of work for Helton, Defendants believe that no more than $2,500.00 would be awarded to Plaintiffs as unpaid wages and overtime.

In the event Plaintiffs were able to establish some liability for unpaid wages, several significant contested issues of fact and law would need to be litigated and resolved in this case.  In particular, Plaintiffs would have to prove the actual number of hours each Plaintiff worked in any particular workweek.  Defendants assert that the timekeeping and other business records disclosed by the parties, together with the conservative distances of travel from Helton's headquarters to particular worksites, were largely inconsistent with Plaintiffs' claims in this lawsuit regarding the amount of time actually incurred for travel and vehicle inspections, and their alleged overtime hours.

Defendants have also disputed the "collective action" allegations.  Defendants assert that Plaintiffs' claims are limited to the position of dump truck drivers for Helton Excavating, and do not extend to Helton's other employment positions.  Either way, this matter is wholly inappropriate for a collective action under 29 U.S.C. § 216(b) because, *inter alia*, the potential pool of employees is so minimal and insufficient to certify or maintain a collective action and because certain Plaintiffs may not be similarly situated to those identified as putative class members.[3]  Accordingly, the Parties could be expected to incur significant time and expense litigating the certification issue.

Finally, there exists a *bona fide* dispute whether Plaintiffs could prove that Defendants engaged in a "willful" violation of the FLSA in order to avail themselves of the three-year statute of limitations. 29 U.S.C. § 255(a) (providing a three-year statute of

---

[3] For similar reasons, Defendants have asserted that this action is not proper for class action treatment under Rule 23.

1    limitations for willful violations of the FLSA); *McLaughlin v. Richland Shoe Co.*, 486 U.S.

2    128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (a violation of the FLSA is willful if the

3    employer "knew or showed reckless disregard for the matter of whether its conduct was

4    prohibited by the [FLSA].").

5         For the reasons outlined above, the Parties have negotiated, in good faith and at arms-

6    length, a settlement of the claims of each of the Plaintiffs in order to achieve a fair and

7    reasonable compromise of the disputed issues of fact and law and in order to finally and

8    fully resolve their FLSA and other claims against the Defendants.

9         As set forth in more detail in the attached Settlement Agreement, Defendants have

10   agreed to settle the Plaintiffs' individual claims and the lawsuit in exchange for payment of

11   a total of $15,498.00, allocated as follows: (1) $5,000 payable to each named Plaintiff, split

12   equally between W-2 wages (for back wages) and 1099 income (for the liquidated

13   damages), and (2) $5,498 to Plaintiffs' counsel for Plaintiffs' attorneys' fees and costs

14   incurred in this action.  *See Fontes,* 2013 WL 6228652, at *5 (citing *Lynn's Foods,* 679

15   F.2d at 1352) ("FLSA provides for reasonable attorney's fees; the parties cannot contract

16   in derogation of FLSA's provisions.").  See Exhibit A.

17        In support of Plaintiffs' request for approval of attorneys' fees and costs, Plaintiffs

18   have included (1) the Declaration of Plaintiff's Counsel in Support of Award of Attorneys'

19   Fees and Costs (Exhibit "B" hereto); and the billing records of Plaintiffs' Counsel attached

20   thereto).

21        Additionally, Plaintiffs and Defendants agree to dismiss Plaintiffs' individual claims

22   with prejudice, and the putative class claims without prejudice.[4]

23   _____

24   [4] Dismissal of the putative class claims is proper because (a) there has been no certification
     of any Rule 23 class; (b) there is still adequate time for putative class members to file other
25   actions; and (c) the named Plaintiffs do not seek to dismiss the class claims in this lawsuit
     with prejudice.  See *Luo v. Zynga, Inc.*, No. 13-CV-00186 NC, 2014 WL 457742, at *4
26   ("Luo does not seek to dismiss the class claims with prejudice, and therefore, the rights or
     claims of the putative class members are not compromised.")

1    From the Plaintiffs' perspective, Plaintiffs believe Defendants have agreed to a
2  settlement that provides Plaintiffs substantial value and the relief intended under the FLSA
3  at a relatively early stage of the litigation, and without requiring the Parties to proceed with
4  time-consuming, expensive, and protracted litigation.  From the Defendants' perspective,
5  this proposed settlement ends this litigation, releases claims against them by Plaintiffs,
6  ensures the continuing viability of Helton's small family business, and provides them with
7  certainty in terms of future costs.

8    Plaintiffs and Defendants are each represented by counsel experienced in handling
9  and litigating employment disputes, including wage and hour claims under the FLSA.
10  Plaintiffs have been represented by counsel at all times since the case commenced.
11  Plaintiffs' counsel has vigorously represented the interests of the Plaintiffs, and Defendants'
12  counsel have vigorously defended Plaintiffs' claims.

13  **III.    CONCLUSION**

14    Based on the foregoing, the Parties request that the Court review the Settlement
15  Agreement and issue an Order approving it as fair and reasonable and that this case be
16  dismissed with prejudice as to each named Plaintiff, and dismissing without prejudice the
17  Fed.R.Civ.P. Rule 23 class allegations.  Except as explicitly agreed upon by the Parties, the
18  Parties shall each bear their own attorney's fees and costs.

19    ///
20    ///
21    ///
22    ///
23    ///
24    ///
25    ///
26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DATED this 13th day of June, 2019.

MCKAY LAW, LLC

By: /s/ *Michael C. McKay* (with permission)
Michael C. McKay
Attorney for Plaintiffs

FENNEMORE CRAIG, P.C.

By: /s/ *Travis A. Pacheco*
Travis A. Pacheco
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2019, I electronically transmitted the above-referenced document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael C. McKay
McKay Law, LLC
7702 E. Doubletree Ranch Road, Sujite 300
Scottsdale, AZ 85253

/s/ *Jennifer Fortner*
Jennifer Fortner
14928187.1/050568.0001