# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement Agreement ("Settlement Agreement") is hereby entered into this 30th day of May, 2019, by and between CHRISTOPHER MEGLES and LONNIE GOMEZ, JR. (identified in the Complaint as "Lonny Gomez, Jr.") ("Named Plaintiffs"), on the one hand, and HELTON EXCAVATING, INC. ("Helton Excavating"), Jason Helton and Selena Helton (collectively "Defendants") on the other hand. The Named Plaintiffs and Defendants are sometimes referred to herein collectively as the "Parties".

## RECITALS & ACKNOWLEDGEMENTS

A.   The Named Plaintiffs are former employees of Helton Excavating. They were each employed by Helton Excavating for approximately six (6) months. Christopher Megles worked for Helton Excavating from March 2, 2018 until September 10, 2018. Lonnie Gomez, Jr. worked for Helton Excavating from May 7, 2018 until November 2, 2018. At all times material, the Named Plaintiffs were paid an hourly rate of $17.00 per hour.

B.   On October 31, 2018, Christopher Megles commenced an action against Defendants in the Maricopa County Superior Court, Case No. CV2018-011817 ("State Court Action"). The State Court Action was thereafter removed by Defendants to federal court and entitled CHRISTOPHER MEGLES, an individual vs. HELTON EXCAVATING INCORPORATED, an Arizona corporation; JASON HELTON, an individual; and SELENA HELTON, District Court for the District of Arizona, Case No. 2:18-cv-04457-DJH (the "Lawsuit").

C.   Christopher Megles instituted the Lawsuit for unpaid wages under the Fair Labor Standards Act, 29, U.S.C. §§ 201-219 ("FLSA"), and under the Arizona Wage Act, A.R.S. §§ 23-351, 23-353 and 23-355. According to the Complaint, the State Court Action was brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff Christopher Megles and all other persons employed by Defendants between October 2015 and 2018. In the Lawsuit, Christopher Megles claimed that Defendants failed to pay him and other similarly situated individuals the prevailing wages required under the Davis-Bacon Act, 40 U.S.C. § 276, for work performed on the Connect 202 Project in Maricopa County. He also alleged that Defendants failed to pay for certain allegedly compensable driving and vehicle inspection time. The Complaint alleged the following three causes of action: (1) Failure to Properly Pay Wages – FLSA; (2) Failure to Timely Pay Wages Due – Arizona Wage Act; and (3) Unjust Enrichment. Defendants filed an Answer to the Complaint denying liability.

D.   On February 11, 2019, Christopher Megles filed an "Amended Collective and Class Action Complaint" (hereinafter "Amended Complaint"), which resulted in the following primary changes to the Lawsuit: (1) added Lonny Gomez, Jr. as a Named Plaintiff; (2) included allegations concerning a Rule 23 class action; (3) removed allegations and claims that asserted purported violations by Helton Excavating of the Davis-Bacon Act; and (4) removed the Unjust Enrichment claim. Therefore, the operative complaint in the Lawsuit is the Amended Complaint, which alleges the following two causes of action based upon Defendants' purported failure to pay for certain allegedly compensable work time and overtime: (1) Failure to Properly Pay Wages – FLSA; and (2)

Failure to Timely Pay Wages Due – Arizona Wage Act. Defendants filed an Answer to the Amended Complaint denying liability.

  E. The Named Plaintiffs sought to pursue their FLSA cause of action as a collective action on behalf of themselves and a class of current and former employees of Helton Excavating. In addition, Named Plaintiffs sought to certify a class action under Rule 23 of the Federal Rules of Civil Procedure for the Arizona state law wage claims. To date, there has been no collective action certified on the FLSA-related claims, conditionally or otherwise. Similarly, there has been no class certified under Rule 23 on the state law claims.

  F. The Parties now desire to avoid the risk, uncertainty, expense and inconvenience of further litigation, and therefore enter into this Settlement Agreement with the intent to permanently and fully resolve any and all claims relating to or arising from the Named Plaintiffs' employment with Helton Excavating, the Lawsuit, and any other relationship or obligation between the Named Plaintiffs and Helton Excavating. This Settlement and Release Agreement shall not constitute a release of any claims for individuals other than the Named Plaintiffs.

  WHEREFORE, in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto, agree as follows:

**AGREEMENT**:

  1. <u>Recitals</u>. The foregoing Recitals are incorporated as a part of this Settlement Agreement, and the Parties hereto represent and warrant the truth of all that is contained in the Recitals. The Parties agree that the covenants set forth herein are contractual and not mere recitals.

  2. <u>Court Approval</u>. The Parties agree to jointly submit to the Court: (1) a Motion to Approve Settlement Agreement and Request for Dismissal with Prejudice ("Motion to Approve"); and (2) a form of Order Approving Settlement and Dismissal of Case ("Order of Dismissal").

  3. <u>Settlement Payment</u>. In consideration of the matters set forth in this Settlement Agreement, and intending to be legally bound thereby, Defendants agree to pay, pursuant to the terms of this Settlement Agreement, and subject to the court's final approval of the settlement, the sum of Fifteen Thousand Four Hundred Ninety-Eight and No/100 Dollars ($15,498.00) to the Named Plaintiffs and Plaintiffs' counsel. The $15,498.00 shall be referred to as the "Settlement Payment." The Settlement Payment is to be allocated as follows:

    a. Payment to Named Plaintiffs

      i. To Christopher Megles: Five Thousand and No/100 dollars ($5,000);

      ii. To Lonnie Gomez, Jr.: Five Thousand and No/100 Dollars ($5,000);

iii. As described more fully below, one-half of the amount paid to each Named Plaintiff (i.e., $2,500) is and will be designated as wages to be reflected on appropriate W2 forms for 2019. The remaining one-half of the amount paid to each Named Plaintiff (i.e., $2,500) will be reflected as miscellaneous income on a 1099 form for 2019.

iv. Helton Excavating will deliver checks reflecting these payments to Plaintiffs' counsel at the address below, or to another mutually agreed upon address, within ten (10) business days of the Court's approval of this Settlement Agreement:

> Michael C. McKay
> McKay Law, LLC
> 7702 E. Doubletree Ranch Road, Suite 300
> Scottsdale, AZ 85258

b. Payment for Plaintiffs' Attorneys' Fees and Costs:

i. For payment of the Named Plaintiffs' attorneys' fees incurred in this matter, Helton Excavating will deliver payment in the amount of Five Thousand and No/100 Dollars ($5,000) to the firm of McKay Law, LLC within ten (10) business days of the Court's approval of this Settlement Agreement.

ii. For payment of the Named Plaintiffs' costs incurred in this matter, Helton Excavating will deliver payment in the amount of Four Hundred and Ninety-Eight and No/100 Dollars ($498) to the firm of McKay Law, LLC within ten (10) business days of the Court's approval of this Settlement Agreement.

The Payment of Attorneys' Fees and Costs described above shall be made payable to McKay Law, LLC and delivered to:

> Michael C. McKay
> McKay Law, LLC
> 7702 E. Doubletree Ranch Road, Suite 300
> Scottsdale, AZ 85258

Helton Excavating will issue an IRS 1099 form to McKay Law, LLC for the payment made to it for attorneys' fees and costs.

c. <u>Tax Treatment</u>. The Parties understand and agree that the Settlement proceeds described in Section 3(a) above will be allocated 50% to wage income subject to both income and employment taxation ("wage income") and 50% liquidated damages payments subject to income taxation only ("non-wage income"). Helton Excavating shall withhold all applicable taxes, including income

and payroll taxes, from the wage income and issue a check payable to the Named Plaintiffs for that amount. Helton Excavating shall pay all employer-side payroll taxes on the wage income. Helton Excavating shall issue a second check for the non-wage income to each Named Plaintiff, which will not be subject to any withholding or employer-side payroll taxes. Helton Excavating shall issue Plaintiffs a W2 form for the wage income and a 1099 MISC for the non-wage income payment.

4. <u>Release by Named Plaintiffs</u>. The Named Plaintiffs, on their own behalf and on behalf of their respective spouses, if any, hereby irrevocably release and discharge Defendants and their assigns, spouses, affiliates or related entities, including without limitation, their partners, members, owners, officers, directors, agents, privies, employees, spouses, managers, attorneys, accountants, and insurers from any claims, causes or rights of any liability, damages, or obligations of any kind, type, or nature (arising out of statute, contract, or otherwise), whether presently known or unknown, accrued or not accrued, which the Named Plaintiffs may have, including, but not limited to, those claims that arise out of or which in any manner relate to the Named Plaintiffs' employment with Helton Excavating or the Lawsuit. Notwithstanding anything to the contrary, no provision of this Settlement Agreement shall constitute a release of any claim arising out of a breach of this Agreement; all such claims being expressly reserved.

Without limiting the generality of the foregoing, the full release of all claims provided by the Named Plaintiffs applies to all claims that are in any way related to their employment by Helton Excavating or the termination thereof; and also applies to all claims arising under the Civil Rights Act of 1964; the Age Discrimination in Employment Act of 1967; the Americans With Disabilities Act of 1990; National Labor Relations Act; the Labor Management Relations Act; the Employment Retirement Income Security Act of 1974; the Fair Labor Standards Act; the Family and Medical Leave Act; the Immigration Reform and Control Act; the Consolidated Omnibus Budget Reconciliation Act; the Davis-Bacon Act of 1931; the Occupational Safety and Health Act, or any comparable state occupational safety and health statute; the Workers' Adjustment and Retraining Act; 42 U.S.C. § 1981; the Arizona Civil Rights Act; the Arizona Employment Protection Act; the Arizona Wage Act; the Arizona Healthy Families Act, and amendments to each of the above Acts/statutes, or under any other applicable state or federal statute; and to any common law cause of action, including without limitation claims for breach of contract, wrongful discharge, unpaid wages, tort, personal injury, or any claim for attorney's fees or other damages, costs or expenses of any kind or nature, other than those set forth in this Settlement Agreement.

In addition, the Named Plaintiffs hereby waive any claim for damages resulting from any claim that is the subject matter of this Lawsuit or that arises out of their employment relationship with Helton Excavating.

5. <u>Confidentiality</u>. Subject to the Parties' submittal of the Motion to Approve, and except as required by law, Named Plaintiffs agree not to disclose or publicize the fact of the settlement or the settlement amount or any other terms or conditions of this Settlement Agreement. If a person aware of the dispute asks a Named Plaintiff about the dispute, they may reply only that the matter has been "concluded." Nothing in this

paragraph prevents any Named Plaintiff from making such disclosures now or in the future to his spouse, tax preparers, a court, or attorneys provided that such persons are advised that this Settlement Agreement and its terms are confidential and agree to maintain such confidentiality.

6. <u>Cooperation</u>. The Parties covenant and agree to provide all reasonable cooperation to effectuate the approval by the Court of the Settlement Agreement and to maintain its confidentiality.

7. <u>Dismissal of the Lawsuit/Withdrawal of Claims</u>. Upon execution of this Settlement Agreement and Court approval of the settlement, the Parties agree to jointly request an Order from the Court dismissing, with prejudice, the Lawsuit as against all Defendants. The Named Plaintiffs agree to withdraw any claims, charges, or complaints that they, or any of them, may have pending, or that others initiated their/her/his behalf against Defendants prior to or as of the date of this Settlement Agreement, which remain pending against Defendants.

8. <u>No Admission of Liability</u>. The Named Plaintiffs understand and agree that the execution of this Settlement Agreement and the payment of the settlement amounts specified herein are not to be construed as an admission by Defendants of the validity of any of the Named Plaintiffs' claims, or an admission of liability to them or any other individual, liability being expressly denied. Rather, this Settlement Agreement reflects an economic decision by the Parties to settle and compromise the disputed and unliquidated claims, and an effort to avoid further litigation expenses.

9. <u>Successors and Assigns</u>. This Agreement is binding upon and inures to the benefit of the Parties and their respective agents, representatives, officers, directors, successors, heirs, executors, administrators, personal representatives, beneficiaries, partners, agents and assigns.

10. <u>Attorneys' Fees and Costs</u>. If an action or proceeding is necessary to enforce performance or remedy the breach of the terms of this Agreement through arbitration or other court action, the prevailing party is entitled to an award of reasonable attorneys' fees and costs.

11. <u>Entire Agreement/Integration</u>. This Settlement Agreement is a fully-integrated document, constitutes the entire agreement and understandings between the Parties on the matters covered by this Agreement, and replaces and supersedes all prior agreements and understandings pertaining to the matters addressed in this Agreement. No change to this Settlement Agreement will be binding upon either party unless in writing and signed by the Parties.

12. <u>Severability</u>. If, for any reason, any provision of this Settlement Agreement is held invalid, all other provisions of this Agreement will remain in effect. If necessary, this Agreement will be reformed to preserve the intent of the Parties if any provision of this Agreement is severed.

13. <u>Representations and Warranties.</u> The Parties each represent and warrant to each other as follows:

A. Each Party acknowledges that this Settlement Agreement is the product of a compromise and settlement of disputed claims. The terms of this Agreement are contractual and are the result of negotiation among the Parties.

B. Each Party has received independent legal advice from attorneys of his or its choice with respect to the advisability of entering into this Settlement Agreement and the releases provided for herein.

C. The Parties have been given the opportunity to, and have, carefully read this entire Settlement Agreement, and have had all questions regarding its meaning answered to their satisfaction. This Agreement is signed freely by each Party executing it.

D. Except as expressly stated in this Settlement Agreement, no party has made any statement or representation to any other party regarding any fact, which statement or representation is relied upon by any other party in entering into this Agreement.

E. None of the claims involved in the Dispute have been assigned, in whole or in part, to any person or entity.

F. This Settlement Agreement has been duly and validly authorized, executed, and delivered by the Parties. Each Party represents to each other Party that he or it has not executed this Agreement, or any document required to be executed pursuant to this Agreement, under any duress, under pressure, or fraud.

G. All Parties have made such investigation of the facts pertaining to the releases contained herein as they deem necessary.

H. Except as otherwise set forth in this Settlement Agreement, the Parties shall bear their own costs and attorneys' fees incurred herein including, without limitation, any costs or fees incurred in connection with the negotiation and execution of this Settlement Agreement.

14. <u>Governing Law.</u> This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Arizona.

15. <u>Counterpart Execution</u>. This Settlement Agreement may be executed in counterparts, and any number of counterparts which have been executed by the Parties shall constitute one original. This Settlement Agreement may be executed by facsimile or scanned signatures; any signed Agreement or signature page to this Agreement that is transmitted by facsimile or in portable document format (.pdf) shall be treated in all manner and respect as an original Agreement or signature page.

IN WITNESS WHEREOF, the Parties have approved and executed this Settlement Agreement on the dates specified below.

**NAMED PLAINTIFFS:**

By _____ Dated: 5.29.19
Christopher Megles

By _____ Dated: _____
Lonnie Gomez, Jr.

**DEFENDANTS:**

By _____ Dated: 5/22/19
Jason Helton

By _____ Dated: 5/23/19
Selena Helton

HELTON EXCAVATING, INC.

By _____ Dated: 5/23/19
Jason Helton
Its President/Director

**Approved as to form by:**

_____ 05.30.2019
Michael C. McKay
McKay Law, LLC
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Attorney for Plaintiffs

_____ 5/30/19
Travis A. Pacheco
JENNINGS, HAUG & CUNNINGHAM, L.L.P.
2800 N. Central Ave, Suite 1800
Phoenix, AZ 85004
Attorneys for Defendants

190522 Settlement Agreement final/6781-0

**NAMED PLAINTIFFS:**

By _____   Dated: _____
Christopher Megles

By _____   Dated: 5-28-2019
Lonnie Gomez, Jr.

**DEFENDANTS:**

By _____   Dated: 5/23/19
Jason Helton

By _____   Dated: 5/23/19
Selena Helton

HELTON EXCAVATING, INC.

By _____   Dated: 5/23/19
Jason Helton
Its President/Director

**Approved as to form by:**

_____
Michael C. McKay
McKay Law, LLC
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Attorney for Plaintiffs

_____
Travis A. Pacheco
JENNINGS, HAUG & CUNNINGHAM, L.L.P.
2800 N. Central Ave, Suite 1800
Phoenix, AZ 85004
Attorneys for Defendants

# EXHIBIT B

Michael C. McKay (023354)
**MCKAY LAW, LLC**
7702 E. Doubletree Ranch Rd., Ste. 300
Scottsdale, Arizona 85258
Telephone: 480.681.7000
Facsimile: 480.348.3999
Email: mmckay@mckaylaw.us
*Attorney Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher Megles and Lonny Gomez, Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Helton Excavating Incorporated, an Arizona corporation; Jason Helton, an individual; and Selena Helton,<br><br>Defendants. | Case No. 2:18-cv-04457-DJH<br><br>**Declaration of Michael C. McKay In Support of Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal With Prejudice**<br><br>(Hon. Diane J. Humetewa) |

I, Michael C. McKay, declare and state, under oath, as follows:

1. I am the attorney representing Plaintiffs Christopher Megles and Lonny Gomez, Jr. in this litigation.

2. I have personal knowledge concerning the facts contained in this declaration. If called as a witness, I would and could competently testify to them.

3. I have devoted the majority of my law career to representing plaintiffs in class action lawsuits. I have secured over $500 million for my clients and class members. I also have experience litigating wage and hour class actions. I was counsel for a FLSA class and Rule 23 class in a lawsuit pending in the District of Arizona before the

Honorable James A. Teilborg. That case was tried to verdict. The classes prevailed on all claims; obtained a complete recovery, including liquidated damages, attorneys' fees, and costs. *Singleton v. Adick,* Case No. 2:09-cv-00486-JAT.

4. I also represented a FLSA certified class in a case pending before the Honorable John W. Sedwick in the District of Arizona. *Koon v. ONEAZ Credit Union,* Case No. 2:16-cv-03939-JWS. Judge Sedwick approved a final class settlement in that case and during the final class settlement hearing he stated:

> "Again, thank you very much for making this so well organized and so swiftly drawn to a conclusion. I think it's commendable. Not all of the lawyers who appear in from of this Court do such a good job."

5. I spent 45.3 hours working on this case. The time that I spent on the case was necessary to prosecute the case properly. My hourly rate is $350 per hour. The Plaintiffs agreed to my hourly rate in signed retainer agreements. In addition, $350 per hour is my usual and customary rate for all of my class action cases. The total lodestar amount for my firm is $15,855.00 (45.3 hours x $350 per hour = $15,855.00). However, I reduced my request for fees to $5,000 to facilitate the proposed settlement. If the Court approves my $5,000 fee request, I will have a negative lodestar and my hourly rate will be effectively reduced from $350 per hour to roughly $110.37 per hour (45.3 hours worked x $110.37 rate = $4,999.76). A true and correct copy of my billing records are attached hereto as Exhibit 1.

6. My firm incurred a total of $498 in unreimbursed expenses in connection with the prosecution of this litigation. Those expenses include the following: (1) $333 initial filing fee; (2) $100 process server fee; (3) $10.61 TurboCourt fees; (4) $54.39 postage and copy fees. *See* Exhibit 1.

Executed on the 13th day of June, 2019 in Scottsdale, Arizona.

/s/ Michael C. McKay  
Michael C. McKay

Declaration of Michael C. McKay In Support of Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal With Prejudice

# Exhibit 1

# McKay Law, LLC

7702 East Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258-2132
Phone (480) 681-7000
Fax  (480) 348-3999                                                                                                       DATE: JUNE 13, 2019

**FOR:**
Matter: Megles, et al. v. Helton Excavating Inc., et al.,
Case No.: 2:18-cv-04457-DJH

| PROFESSIONAL FEES | | | | | |
|---|---|---|---|---|---|
| **DATE** | **PROFESSIONAL** | **DESCRIPTION** | **HOURS** | **RATE** | **AMOUNT** |
| 10-9-2018 | MCM | Meet with Christopher Megles to discuss potential claims for unpaid wages against Helton Excavating and related parties. | 1.1 | $350 | $385.00 |
| 10-10-2018 | MCM | Research legal theories pertaining to Davis Bacon wages, the Arizona Wage Act, and recent FLSA case law. Prepare claims and damages memorandum for Mr. Megles. | 1.7 | $350 | $595.00 |
| 10-12-2018 | MCM | Draft demand letter to Helton Excavating on behalf of Mr. Megles. | 2.8 | $350 | $980.00 |
| 10-30-2018 | MCM | Prepare and file complaint, civil cover sheet, and certificate of arbitration. | 2.5 | $350 | $875.00 |
| 10-31-2018 | MCM | Prepare and serve written requests for production of documents. | .8 | $350 | $280.00 |
| 11-14-2018 | MCM | Receive and file affidavits of service. | .2 | $350 | $70.00 |
| 11-21-2018 | MCM | Exchange calls and emails with Mr. Pacheco regarding extension to answer and possible amended complaint. | .2 | $350 | $70.00 |
| 11-24-2018 | MCM | Draft email to Mr. Pacheco with supporting documents concerning allegations in the complaint. | .6 | $350 | $210.00 |
| 12-5-2018 | MCM | Receive Mr. Pacheco's 52 page letter and settlement proposal; confer with Mr. Megles regarding the same. | .6 | $350 | $210.00 |
| 12-6-2018 | MCM | Review notice of removal and corporate disclosure statement filed by Defendants. Review court's MIDP order and initial case order regarding motions to dismiss. | .3 | $350 | $105.00 |
| 12-12-2018 | MCM | Review Defendants' Answer; confer with Mr. Megles regarding the same. | .3 | $350 | $105.00 |

| PROFESSIONAL FEES | | | | | |
|---|---|---|---|---|---|
| DATE | PROFESSIONAL | DESCRIPTION | HOURS | RATE | AMOUNT |
| 1-14-2019 | MCM | Prepare Plaintiff's MIDP discovery responses, and file notice of service of the same. | 1.2 | $350 | $420.00 |
| 1-21-2019 | MCM | Telephone call with Lonny Gomez regarding joining the lawsuit as a named plaintiff. | .6 | $350 | $210.00 |
| 2-5-2019 | MCM | Prepare and file Motion to Amend the Complaint, and proposed First Amended Complaint. | 3.7 | $350 | $1,295.00 |
| 2-7-2019 | MCM | Work on Joint Case Management Report. | 1.2 | $350 | $420.00 |
| 2-12-2019 | MCM | Prepare and file Rule 26(f) report. | .4 | $350 | $140.00 |
| 2-21-2019 | MCM | Review Rule 16 Scheduling Order; confer with Plaintiffs regarding the same. | .4 | $350 | $140.00 |
| 2-27-2019 | MCM | Review Defendants' Answer to Amended Complaint. | .3 | $350 | $105.00 |
| 3-29-2019 | MCM | Review Defendants' Offers of Judgment; confer with Plaintiffs' regarding the same. | .5 | $350 | $175.00 |
| 4-1-2019 | MCM | Prepare requests for additional documents. | .4 | $350 | $140.00 |
| 4-12-2019 | MCM | Draft Motion for Class Certification. | 3.8 | $350 | $1330.00 |
| 4-13-2019 | MCM | Draft Motion for Class Certification; Declarations in Support of Motion for Class Certification; and organize exhibits in support of the Motion. | 6.9 | $350 | $2,415.00 |
| 5-10-2019 | MCM | Prepare for and attend the depositions of Christopher Megles and Lonny Gomez, Jr.; engage in settlement negotiations. | 10.2 | $350 | $3,570.00 |
| 5-15-2019 | MCM | Further settlement negotiations. | .6 | $350 | $210.00 |
| 5-16-2019 | MCM | Further settlement negotiations. | .8 | $350 | $280.00 |
| 5-16-2019 | MCM | Review and Approve Notice of Settlement. | .2 | $350 | $70.00 |
| 5-21-2019 | MCM | Work on Settlement Agreement. | 1.3 | $350 | $455.00 |
| 6-13-2019 | MCM | Work on Motion to Approve Settlement. | 1.7 | $350 | $595.00 |
| | | | | TOTAL | $15,855.00 |

| MATTER EXPENSES | | |
|---|---|---|
| DATE | DESCRIPTION | AMOUNT |
| 10-30-2018 | Maricopa County Superior Court filing fees | $333.00 |
| 10-31-2018 | Urban Spy – Process Server fees | $100.00 |
| 11-14-2018 | TurboCourt fees | $10.61 |
| 2018 - 2019 | Postage and copy fees | $54.39 |
| | TOTAL | $498.00 |

2